**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WALKER WHATLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:13-cv-00465-JMS-DKL |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Walker Whatley for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**Background**

Whatley is serving a sentence imposed in 2008 in Marion County following his Class A felony conviction for possession of cocaine. The Indiana Court of Appeals in *Whatley v. State*, 906 N.E.2d 259 (Ind.Ct.App. May 21, 2009)("*Whatley I*") reversed and remanded for entry of a conviction as a Class C felony and for sentencing consistent with a Class C felony conviction. The Indiana Supreme Court granted the State of Indiana's petition to transfer, vacated *Whatley I*, and affirmed Whatley's Class A felony conviction in *Whatley v. State*, 928 N.E.2d 202 (Ind. 2010) ("*Whatley II*"). Whatley's motion for re-trial was dismissed as untimely on June 22, 2010, and the Indiana Court of Appeals affirmed the dismissal in *Whatley v. State*, 937 N.E.2d 1238 (Ind.Ct.App. Nov. 29, 2010)("*Whatley III*"). The trial court's denial of Whatley's petition for

post-conviction relief was affirmed in *Whatley v. State*, 969 N.E.2d 634 (Ind.Ct.App. June 21, 2012) ("*Whatley IV*"). Whatley's petition for transfer was denied on October 11, 2012.

The circumstances surrounding Whatley's offense and prosecution were summarized in *Whatley II*:

> The facts most favorable to the conviction indicate that in March, 2008, Whatley was arrested at his home on a warrant issued in an unrelated case. During a search incident to arrest, the arresting officer discovered a bag containing 3.2459 grams of cocaine in Whatley's pocket. In relevant part, the State charged Whatley with possession of cocaine as a Class A felony. Possession of cocaine is ordinarily a Class C felony, but possession of three grams or more of cocaine within 1,000 feet of a youth program center elevates the offense to a Class A felony. Ind.Code § 35–48–4–6. Whatley's home, where the arrest occurred, was located approximately 795 feet from Robinson Community Church ("RCC"). Whether RCC qualifies as a "youth program center" for the purpose of triggering the elevation to a Class A felony is the central issue of this appeal.
>
> The jury found that the enhancement was supported by the evidence and the court sentenced Whatley to a term of 35 years.

*Whatley II*, at pp. 203-04 (footnote omitted).

Whatley now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Whatley claims that: 1) his federal constitutional rights were deprived by the determination that the Robinson Community Church was a youth program center; 2) the prosecutor violated due process by withholding the fact during trial that Whatley was originally charged with a Class D felony possession of cocaine; 3) the amendment of the charge violated Whatley's due process rights; 4) the prosecutor improperly withheld exculpatory evidence regarding Whatley's distance from the youth program center; and 5) he was denied the effective assistance of trial counsel.

### Discussion

"A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). To avoid procedural default, a habeas petitioner

must fully and fairly present his federal claims to the state courts." *Anderson v. Benik,* 471 F.3d 811, 814–15 (7th Cir. 2006) (internal quotation and citation omitted). "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). Procedural default can also occur with respect to "a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

"[F]our factors (derived from a waiver analysis) bear upon whether the petitioner has fairly presented the claim in state court: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001).

Based on the foregoing guidelines, each of Whatley's claims is procedurally defaulted. First, Whatley failed to present to the Indiana appellate courts a federal constitutional challenge to his first, fourth and fifth errors: a) the circumstances associated with the "youth program center" determination, b) his claim that the state withheld exculpatory evidence and c) his ineffectiveness claims. Whatley argues that he attempted to raise his ineffective assistance of counsel claims in a successive petition for post-conviction relief but the Indiana Court of

Appeals determined that Whatley did not establish a reasonable possibility that he was entitled to post-conviction relief and accordingly, declined to authorize the filing of the petition.

In addition, Whatley's claims that a) the prosecutor withheld a fact from the jury, b) the State's amendment of the charge violated due process and c) evidence regarding a measurement of distance was not admissible and not reliable were disposed of on independent and adequate state law grounds. The Indiana Court of Appeals explained:

> Whatley's last argument is that the procedural timing of the State's charges and dismissal of charges, and the trial court's processing of these filings, were done improperly such that his trial was held on the wrong offense and his conviction must be vacated. He characterizes this argument as an "improper [ ] enhance[ment]" of his offense. Brief of the Appellant at 16. He also contends the State deceived the trial court and jury with perjured testimony by not revealing that he was initially charged with possession of cocaine as a Class D felony in his trial for possession of cocaine as a Class A felony. We disagree for two reasons.
> . . . Second, even if his argument had merit, it has been procedurally waived because this argument could have been raised on direct appeal.

*Whatley IV*, at pp. 10-11. This finding of waiver constitutes procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court").

In turn, this finding of procedural default limits the availability of federal relief. *Id.* Here, Whatley does not overcome the procedural hurdle in the finding of waiver, and therefore, he is not entitled to relief as to these claims.

Whatley's claim that the evidence regarding a measurement of distance was not admissible and not reliable was also addressed by the Indiana Court of Appeals. Specifically, "[t]his challenge to the admissibility of evidence is an issue which we generally review on direct appeal for an abuse of discretion of the trial judge" and "is thus procedurally defaulted for not having been presented timely." *Whatley IV*, at 10.

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted).

In his reply to the respondent's return, Whatley argues that the "'miscarriage of justice' exception extends to cases of 'actual innocence' since Mr. Whatley was not by a youth program center but a church and outside the alleged proscribed zone." This may be Whatley's attempt to invoke the fundamental miscarriage of justice exception to the doctrine of procedural default. If so, however, it is insufficient. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Whatley offers no evidence of his actual innocence here. He offers no explanation showing that "no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court" *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*), and it is nearly absurd for such an argument to be suggested.

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Whatley has encountered the

doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Whatley has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/04/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Walker Whatley
#113772
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel